NATHANIEL BRACKETT *versus* JAMES W. WEEKS.

Testimony collateral and irrelevant to the issue cannot properly be offered to contradict or impeach a witness.

Exceptions were taken in the case to the rulings of Davis, J., at *Nisi Prius*.   The action was assumpsit upon a promissory note, and all the facts material to a correct understanding of the exceptions appear in the opinion of the court.   The verdict was for the plaintiff, and the defendant excepted.

*J. H. Goodenow* and *N. Clifford*, counsel for plaintiff.

*T. M. Hayes*, counsel for defendant.

RICE, J. Assumpsit on a promissory note. In defence the statute of limitations was pleaded and relied upon. The note bears date December 15, 1840. The writ is dated March 17, 1851. To avoid the operation of the limitation statute the plaintiff relied upon two endorsements upon the note; one for fifty dollars, under date of July, 1846, and the other of three dollars, November 13, 1845. Under the ruling of the presiding judge upon the evidence in the case, the smaller endorsement became immaterial. The material questions in issue were, by whom and when were the fifty dollars paid.

There was much testimony upon these points; the following, however, will exhibit the questions raised by the exceptions.

The plaintiff, among other things, testified on his examination in chief, " that when he received the fifty dollars he was in Lyman, and did not have the note in suit with him, but as soon as he returned home to Cornish he endorsed that sum upon the note in suit, leaving the day of the month blank, as he had forgotten it, and that in the spring of 1851, he notified the defendant that he had made these endorsements upon the note in suit, together with an endorsement of $25,00 upon another note, and that the defendant said that the endorsements were all satisfactory, and that he, the defendant, would furnish him with the date of the fifty dollar payment, in regard to the particular day of the month, which was not stated in the endorsement on the note in suit."

The plaintiff also testified on cross examination, that the twenty-five dollar endorsement was upon a smaller note, not the one in suit, that the sum of twenty-five dollars was paid to him about the date of the endorsement thereof on said note, that he received it of Moses McDonald, Esq., to whom the defendant had paid it for him, the plaintiff; and that about the time he brought this suit he went to McDonald to inquire about the date of the payment of the twenty-five dollars on the smaller note, and that he also sent his son to call upon said McDonald for this purpose.

It will be observed that there is nothing in this testimony which shows or tends to show that the twenty-five dollars endorsed upon the small note was *paid* at the same time that the fifty dollars was *paid* on the note in suit, or that the two endorsements were made at the same time. Nor is there anything in the testimony about the twenty-five dollar endorsement that throws any light upon the time when or the person by whom the fifty dollars were paid. All the testimony, therefore, which was offered to contradict or impeach the plaintiff in relation to the payment of the twenty-five dollars was collateral and irrelevant to the issue before the jury, and properly excluded. The facts offered to be proved by McDonald, and also by the defendant, which were excluded, had nothing to do with the case, and could not have been legally admitted if objected to.

*Exceptions overruled, and judgment on the verdict.*